## Shoenberger's Executors *versus* Zook *et ux.*

A release to a third party of an interest in lands, at the request of the promissor, is a good consideration for his promise, in a certain event, to pay to the releasor a sum of money, in addition to the consideration mentioned in the release.

A deed executed by husband and wife, for lands of the wife, but not delivered in her lifetime, cannot be rendered effectual to pass the estate, as against the heirs of the wife, by a delivery after her decease.

This court will not reverse, after a trial on the merits, for defects in the declaration which were amendable in the court below.

ERROR to the Common Pleas of *Lancaster county*.

This was an action of *assumpsit* by John Zook and Maria his wife, in right of his said wife, against John G. Miles and Michael Berry, executors of Peter Shoenberger, deceased, on a parol promise of their testator.

. The declaration set forth that on the —— day of April 1848, the said Maria Zook was the owner, jointly with Abraham S. Hackman, Elizabeth Bowman, and Mrs. Musselman, of one-eighth part of certain real estate, late the property of her deceased mother, Barbara Hackman, being property attached to the "Huntingdon Furnace and Forge ;" and that the said Dr. Peter Shoenberger, now deceased, *and his assigns*, owned the other undivided seven-eighths of said property. That a controversy arose between the parties relative to the right of each of them ; and that on the

said day of April 1848, the said Peter Shoenberger and Maria Zook entered into an agreement, that, for the sum of $1000 in hand paid, the plaintiffs should release all their interest in the said real estate, to the said Peter Shoenberger, *or his heirs and assigns;* and it was further agreed, and in consideration of the said release, the said Shoenberger promised the said Maria Zook, that, if at any time thereafter, any one of the heirs of the said Barbara should receive or recover, for their share of the said real estate, any greater or larger sum of money than the sum thus paid, he, or his heirs, should pay to Mrs. Zook, such further sum as would make her amount equal, including the $1000, to the sum thus received; and that, in consideration thereof, the plaintiffs signed and released all their interest in the said property. That Elizabeth Bowman brought an action of ejectment for her interest in the said real estate, to wit, the one thirty-second part thereof; and recovered and received *of and from the defendants in that suit,* for her interest in the said land, the sum of $6000, on the 10th May 1856; the plaintiffs, therefore, claimed the difference of $5000, with interest. The defendants pleaded *non assumpsit.*

Barbara Hackman, who was the wife of Abraham Hackman, the sister of Dr. Peter Shoenberger, and the mother of Maria Zook, was the owner, in 1832, of the one undivided eighth part of the Huntingdon Furnace property; the remaining seven-eighths being vested in Dr. Shoenberger. In that year, Abraham Hackman entered into an agreement with Dr. Shoenberger, for the sale of Mrs. Hackman's share of the property, for $13,000.

On the 20th July 1832, a deed was accordingly executed and duly acknowledged by Hackman and his wife, conveying the premises to Dr. Shoenberger in fee. This was sent to Dr. Shoenberger, on the 1st August 1832, by Henry Musselman, with directions to deliver it and receive the purchase-money. Dr. Shoenberger declined to comply with his agreement, and stated that, at any rate, he had a draft of $4000 or $5000, which he would bring in as an offset against Hackman's claim. The deed was returned to Hackman; and about a month afterwards, Mrs. Hackman died.

The next summer, Dr. Shoenberger called upon Hackman, and obtained from him the deed, upon paying' or securing a certain sum, the amount of which was left in doubt by the evidence; and in October 1839, he conveyed the Huntingdon Furnace property to his sons George K. Shoenberger and John H. Shoenberger in fee.

Abraham Hackman died in 1846, and Mrs. Hackman's children, thereupon, claimed her interest in the property. In 1848, the plaintiff, Maria Zook, at the request of Dr. Shoenberger, released her interest in the premises to George K. and John H. Shoenberger, in consideration of $1000; and Dr. Shoenberger, at the time of the execution of the release, promised the plaintiff, that

if she would execute it, in case any of Mrs. Hackman's other children should thereafter recover any more than $1000, for their shares, he would make her share equal to that of the others.

In 1850, Elizabeth Bowman, another daughter of Mrs. Hackman, brought an ejectment for her share of the property, which was compromised in May 1856, by George K. and John H. Shoenberger paying her $6000, in consideration of a release of her interest in the premises.

On the trial of the present cause, the defendants objected to the admission of the evidence of the alleged parol contract between Maria Zook and Dr. Shoenberger; but the court below admitted the evidence, and sealed a bill of exceptions.

The defendants contended that there was a sufficient delivery of the deed of the 20th July 1832, from Abraham Hackman and wife to Dr. Peter Shoenberger; and, therefore, that, the plaintiffs having no interest in the property, there was an absence of any consideration for the alleged promises. And they presented certain points in writing, upon which they requested the court to charge the jury; the 3d, 4th, and 9th of which were as follows:—

3. That a manual delivery into the hands of the grantee is not necessary to give effect to a deed executed and acknowledged in due form; but a delivery to a third party, with a view to a delivery to the grantee, is a legal delivery.

4. That if the jury believe that Barbara Hackman united with her husband in the execution and acknowledgment of the deed, and assented to its delivery to Henry Musselman, with a view to its delivery to the grantee, in pursuance of her husband's contract with him, it was a good delivery as to her; and if it was finally delivered by her husband to the grantee, in performance of that contract, her estate passed to the grantee, notwithstanding her intervening death.

To these points the court below (HAYES, P. J.) returned the following answer:—"If the jury believe the deed was given by Abraham Hackman and wife to him, to deliver it on receiving the purchase-money, then the payment of the purchase-money by Peter Shoenberger, was a condition of the delivery, and the delivery could not be complete without it; and further, if the jury believe that Peter Shoenberger not only declined paying the purchase-money, but having anything to do with the deed, it is not for him to set up a delivery of the deed in the teeth of his own rejection of it; a delivery on the one side implies an acceptance on the other."

9. Where, in a deed, a valuable consideration is expressed to have been paid, parol evidence is not admissible to prove another and different consideration, intended or promised, and not per-

formed; and the case of the plaintiffs being entirely founded on such evidence, cannot be sustained.

Answer.—"The first part of this proposition is unquestionable; and if the plaintiffs' case were founded as here asserted, it could not be sustained; but the plaintiffs' action is founded on the verbal agreement set forth in their declaration—not on any release or written instrument; and the law relative to parol evidence of a written contract, or deeds and specialities, does not apply.

"If the jury should believe that Maria Zook had a claim to a portion of the Huntingdon Furnace property, which she had employed counsel to enforce; that Dr. Shoenberger, after he had conveyed that property to his two sons, requested Mrs. Zook to accept $1000 from his sons, and release to them her interest in the said land, and agreed with her, that if she would do so, and if Mrs. Hackman's heirs ever brought suit and recovered or got more for their share, he would pay the plaintiff a sum which would make her equal with the sum thus received—if, under such agreement, and in consideration thereof, Mrs. Zook did release her claim to George K. and John H. Shoenberger; and if Mrs. Bowman, one of the other heirs, did bring suit, and recover or receive $6000 for her interest in the said property—then the plaintiffs are entitled to recover; nor does it make any difference whether Dr. Shoenberger or the owners of the land paid the $6000."

To this instruction the defendants excepted; and a verdict and judgment having been rendered for the plaintiffs for $5062, the defendants sued out this writ, and here assigned for error: 1. The insufficiency of the declaration. 2. The admission of the evidence of the parol agreement. 3. The charge of the court below.

*Franklin*, for the plaintiffs in error, cited Iddings *v.* Iddings, 7 *S. & R.* 115; Kennedy *v.* Plank Road Company, 1 *Casey* 224; Paysant *v.* Ware, 1 *Ala.* 160; Emery *v.* Chase, 5 *Greenl.* 232; Gazoway *v.* Moore, *Harper* 401; Pym *v.* Campbell, 6 *Ell. & Bl.* 370; Adams *v.* Wordley, 1 *M. & W.* 373; Woodbridge *v.* Spooner, 1 *Chit.* 661; Sennett *v.* Johnson, 9 *Barr* 335; *Shepherd's Touchstone* 59; 3 *Cruise Dig.* 29; Frost *v.* Beekman, 1 *Johns. Ch.* 288.

*Stevens*, for the defendants in error.

The opinion of the court was delivered by

THOMPSON, J.—1. The 1st and 3d specifications of error raise the question of the admissibility of parol evidence to vary, alter, and increase the consideration expressed in the release spoken of in the case, for it was not given in evidence. The learned judge of

[Shoenberger's Executors *v.* Zook *et ux.*]

the Common Pleas thought the point did not arise in the case, and so decided. The releasee was not sued for any additional considera- tion. Dr. Shoenberger promised his niece, if she would execute the release to his son, for the sum of one thousand dollars, he would thereafter pay to her such further sum as any of the other heirs of Mrs. Hackman, his deceased sister, might, if they brought suit for their share of her interest in the Huntingdon Furnace property, recover or receive. This was his own undertaking—not that of the releasee. It was entirely independent of and collateral to the contract of release. There was no part of this contract with Dr. Shoenberger in writing. It all rested in parol. By his promise he procured a release from Mrs. Zook, the meritorious plaintiff, of a claim of title to a third party. This was a sufficient consi- deration to sustain the promise of future compensation, even if that title had been much less real than it appears to us it was. An injury to the promissee, or benefit to the promissor, are consi- derations to sustain a promise. Both existed in this case; for, by the tests agreed upon, Mrs. Zook had a greater interest in the premises than the $1000 consideration mentioned in the release, for Mrs. Bowman, her sister, after suit brought, was paid by the vendees of Dr. Shoenberger $6000; and it also appears in the evi- dence that, although the Doctor had conveyed the property to his sons, $30,000 of the purchase-money remained unpaid. The title to one-eighth of the premises was in dispute, and the purchasers could defend to the extent of the unpaid purchase-money for defect of title. Thus the release operated as an extinguishment of an outstanding claim of title, and in relief of the unpaid pur- chase-money. The consideration for the promise was ample. The rule for excluding parol evidence conflicting with and control- ling written instruments, had no place in the case.

2. There is scarcely even plausibility in the idea that as between Dr. Shoenberger and the plaintiffs, the deed of Hackman and wife, tendered to him in the lifetime of the wife, in pursuance of a parol agreement of a purchase of her interest in the property, but refused by him, with a repudiation of the agreement, and a return of the deed to her and her husband, could, after the decease of the wife, be delivered by the husband, and thus made to pass his title and defeat her heirs. After its refusal and return, it was simply inoperative. It could only be redelivered by the beneficia- ries under it. The delivery by the surviving husband would pass his interest as tenant by the curtesy, but it affected not the title of Mrs. Hackman's heirs. Delivery of a conveyance by the party, or some one authorized to make it, is as essential to the transmis- sion of the title described, as the deed itself. The title is not divested without this. As Hackman had no authority to deliver the deed, excepting so far as his individual interest was concerned,

[Shoenberger's Executors v. Zook et ux.]

it did not pass his wife's title, or divest that of her heirs, which had vested before the delivery.

3. The objections to the *narr.* are all to matters amendable. The plaintiffs' own paper-book shows that the case was tried as if everything claimed as defectively set forth, or omitted, had, in fact, fully appeared in technical form on its face. The defendant had ample notice of the cause of action against him, and had a full trial on the merits. What more could be desired? This court will not reverse for what was amendable below; and especially so, where the form of the *narr.* did not preclude the defendants from giving all their evidence, and where they had a full trial, without objection to the form of it. We think the learned judge ruled the case properly on all the controverted points, and that the judgment must be affirmed.

Judgment affirmed.